UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| REALTY MORTGAGE CORPORATION, | CASE NO. 09-00544-NPO |
| DEBTOR. | CHAPTER 11 |
| REALTY MORTGAGE CORPORATION | PLAINTIFF |
| V. | ADV. PROC. NO. 10-00071-NPO |
| FIRST AMERICAN TITLE INSURANCE COMPANY | DEFENDANT |

**MEMORANDUM OPINION GRANTING FIRST AMERICAN
TITLE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for consideration on the Motion for Summary Judgment (the "Motion") (Adv. Dkt. No. 22) and the Memorandum in Support of Motion for Summary Judgment (the "Brief") (Adv. Dkt. No. 23), filed by First American Title Insurance Company ("First American"); the Objection to Defendants (sic) Motion for Summary Judgment (the "Response") (Adv. Dkt. No. 27), filed by Realty Mortgage Corporation (the "Debtor"); and the Reply of First American Title Insurance Company to Plaintiff's Objection to Motion for Summary Judgment (the "Reply") (Adv. Dkt. No. 28), in the above-style adversary proceeding (the "Adversary"). In this Adversary, First American is represented by Richard A. Montague, Jr., and the Debtor is represented by Craig M. Geno and David R. Hoy.[1] Having considered the pleadings, the Court finds that the Motion is well-taken and should be granted as set forth herein. Specifically, the Court finds as follows:[2]

---

[1] David R. Hoy, an attorney from Reno, Nevada, was admitted *pro hac vice* by order of this Court (Adv. Dkt. No. 6) on August 31, 2010.

[2] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052.

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## Summary Judgment Standard

Summary judgment under Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, is appropriate when viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 234 (5th Cir. 2010).

Defense of a proper summary judgment motion requires more from the non-moving party than mere allegations or denials of its pleadings. Fed. R. Civ. P. 56(e)(2) provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2). "[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." Versai Mgmt. Corp. v. Clarendon America Ins. Co., F.3d 729, 735 (5th Cir. 2010) (quoting Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997)). A party may not "defeat

summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 399 (5th Cir. 2008) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is "proper if the party opposing the motion fails to establish an essential element of his case." Bradley v. Allstate Ins. Co., 606 F.3d 215, 222 (5th Cir. 2010) (quoting Celotex, 477 U.S. at 322-23).

Miss. Bankr. L.R. 7056-1(2) governs the proper procedure for summary judgment motion in the Southern District of Mississippi when the movant does not have the burden of persuasion on the issue upon which summary judgment is sought. This Local Rule provides that if the movant [First American] does not have the burden of persuasion on the issue upon which summary judgment is sought, the movant shall (i) list the material facts that the movant contends constitute the non-moving party's prima facie case; and (ii) designate which facts in the non-moving party's *prima facie* case the movant contends do not exist and provide citation to and attach authority or assert that there is no evidence to support the existence of the designated fact. *See* Miss. Bankr. L.R. 7056-1(2).

### Facts[3]

1.      The Debtor filed a voluntary petition (09-00544-NPO; Dkt. No. 1) under chapter 11 of the United States Code on February 18, 2009.

2.      Realty Mortgage, LLC ("RMLLC") was formed in California and did business in California and Nevada.

3.      The Debtor alleges it was the sole member of RMLLC. (Amended Complaint ¶ 4) (Adv. Dkt. No. 21).

---

[3] These facts are taken from the Brief of First American unless otherwise noted.

4.  Alliance Title ("Alliance") is a California corporation that engaged in the title and escrow business. Alliance was an underwriting agent of First American. Alliance provided a preliminary title report and escrow services to close a real estate transaction in which a non-party to this Adversary purchased certain real property located at 7713 and 7717 32nd Avenue, Sacramento, California ("California Property") for the purchase price of $499,000. (Amended Complaint ¶ 5).

5.  The Debtor alleges that it loaned the $499,000 for the purchase of the California Property (Amended Complaint ¶ 5); however, the Deed of Trust shows that RMLLC, and not the Debtor, was the actual lender for the purchase of the California Property. (Ex. 1).[4]

6.  RMLLC is listed as beneficiary of two First American title insurance policies (collectively, the "Title Policies") issued in connection with the financing of the California Property:

    a.  ALTA Lender's Policy No. CW8543669 for an insured amount of $400,000; and

    b.  ALTA Lender's Policy CW8543670 for an insured amount of $99,000.

(Amended Complaint, Exs. B and C, respectively).

7.  The Debtor has instituted the present Adversary seeking damages from First American for breach of contract, breach of an insurance agreement, bad faith, and breach of duty of good faith and fair dealing. All of the Debtor's claims relate to the Title Policies.

8.  The Debtor alleges that RMLLC ceased doing business in the summer of 2007. (Amended Complaint ¶ 18). RMLLC is listed as "canceled" on the California Secretary of State Business Entity Detail web database. (Ex. 2).

---

[4] All exhibits referred to herein are attached to the Motion unless otherwise noted.

9. Both Title Policies define "insured" as "Realty Mortgage, LLC, a Limited Liability Company, its Successors and/or Assigns." (Amended Complaint Exs. B and C, Sched. A).

10. Both Title Policies include a section beginning with "Exclusions From Coverage" and also contain "Conditions and Stipulations" with the following definition of terms, in relevant part:

> 1. **DEFINITIONS OF TERMS.**
> The following terms when used in this policy mean:
> (a) "insured": the insured named in Schedule A. The term "insured" also includes:
> (i) the owner of the indebtedness secured by the insured mortgage and each successor in ownership of the indebtedness except a successor who is an obligor under the provisions of Section 12(c) of these Conditions and Stipulations (reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor insured, unless the successor acquired the indebtedness as a purchaser for value without knowledge of the asserted defect, lien, encumbrance, adverse claim or other matter insured against by this policy as affecting title to the estate or interest in the land);
>
> * * *

(Amended Complaint Exs. B and C, p. 2).

11. The Debtor contends that it is an insured under the Title Policies because the Title Policies named as the insured "Realty Mortgage, LLC, a Limited Liability Company, <u>its Successors and Assigns</u>." (Amended Complaint ¶16, emphasis in the original).

12. First American argues that there is no evidence in the record that the Debtor is either a successor or assign of RMLLC, the owner of the indebtedness secured by the insured mortgage, or a successor in ownership of the indebtedness.

13. First American asserts that absent evidence that the Debtor is a successor or assign, the Debtor does not qualify as an insured and is not entitled to proceeds from the Title Policies.

14. First American also points out that the Debtor did not list any interest in the Title

Policies, or any other insurance policies, in its disclosure statement (Dkt. No. 576) or schedules (Dkt. No. 112) filed with this Court. (Brief ¶ 12).

### Issues

1. Is First American entitled to a judgment as a matter of law that the Debtor is not an insured under the Title Policies and, therefore, is not entitled to the proceeds therefrom?

2. Is the Debtor estopped from producing evidence that it qualifies as an insured under the Title Policies?

### Discussion

First American complied with Miss. Bankr. L.R. 7056-1(2) in the Motion by (i) list[ing] the material facts that the movant contends constitute the non-moving party's prima facie case; (ii) designat[ing] which facts in the non-moving party's prima facie case the movant contends do not exist and provid[ing] citation to authority or assert that there is no evidence to support the existence of the designate fact. *See* Miss. Bankr. L.R. 7056-1(2). In this case, First American asserts that the Debtor is not entitled to proceeds from the Title Policies because it is not the named insured, nor is it the successor or assign of the insured, RMLLC, pursuant to the language of the Title Policies.

Mississippi law has long held that the relationship between an insurer and an insured is governed by contract. Equitable Life Assurance Soc. of the U.S. v. Weil, 60 So. 133, 134 (Miss. 1912). Additionally, the Mississippi Supreme Court has held that "[i]nsurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." Lewis v. Allstate Ins. Co., 730 So. 2d 65, 70 (Miss. 1998). When faced with clear and unambiguous contract language, the Court is obligated to enforce the plain language of the contract. Peden v. Peterson, 73 Fed. Appx. 83 (5th Cir. 2003) (citing Mississippi Farm Bureau Cas. Ins. Co. v. Britt, 826 So. 2d 1261, 1266 (Miss. 2002)).

In this case, First American and RMLLC bargained for a policy of title insurance to cover "Realty Mortgage, LLC, a Limited Liability Company, its Successors and/or Assigns." (Amended Complaint Exs. B and C, p. 2). It is undisputed that the Debtor and RMLLC are not the same entity. The Debtor is a Mississippi corporation. (Amended Complaint ¶ 3). RMLLC was a business entity formed in California. (Motion Ex. 2). While the Debtor alleges it was the sole member of RMLLC (Amended Complaint ¶ 4), it is also undisputed that the Debtor is not the name insured on the Title Policies. Therefore, under a plain reading of the contracts, the Debtor must show that it is either the successor or assign of RMLLC in order to be entitled to proceeds from the Title Policies.

In the Response, the Debtor sets forth documentation to show that the Debtor was the sole member of RMLLC, controlled the operations of RMLLC, and funded RMLLC for the purpose of mortgage lending. (*See* Adv. Dkt. No. 27). In the Affidavit of Charles Myers Vice President of Realty Mortgage Corporation (the "Myers Affidavit"), Mr. Myers states the following paraphrased facts:

- A. The Debtor was the only member and manager of RMLLC. (¶ 5)
- B. RMLLC operated a mortgage lending office in California using the name "Pacific American Realty Mortgage, a division of Realty Mortgage, LLC ("PAMCO"). (¶ 7)
- C. The Debtor provided funds to RMLLC for the issuance of loans by RMLLC. (¶ 10)
- D. The Debtor was the only source of funds provided to RMLLC for the issuance of loans by RMLLC. (¶ 11)

(Response Ex. 1). First American does not dispute these allegations. (Reply ¶ 4). None of these facts, however, is dispositive on the issue of whether the Debtor is a successor or assign of RMLLC.

In the Myers Affidavit, however, Mr. Myers goes on to assert in paragraphs 14 and 15 that:

> 14. On or about June 7, 2007, PAMCO transferred all of its loan files and other files to Realty Mortgage Corporation in Flowood, Mississippi, including the two policies of title insurance issued by First American . . . .
>
> 15. When the files and policies of Title Insurance were delivered to Realty Mortgage Corporation, Realty Mortgage Corporation became the Successor Insured under the provisions of the two policies.

(Response Ex. 1). For the purposes of summary judgment, First American has conceded that the files containing the Title Policies and the underlying mortgage were delivered to the Debtor and are now in Flowood, Mississippi. (Reply ¶ 6). First American argues, however, that Mr. Myers's statement that the Debtor is a "Successor Insured" is not persuasive "without any supporting agreement, document or legal authority." (Reply ¶ 5). This Court agrees.

Opinion testimony by lay witnesses is govern by Rule 701 of the Federal Rules of Evidence. F.R.E. 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [Testimony by Experts].

F.R.E. 701. In the Myers Affidavit, Mr. Myers opines that "[w]hen the files and policies of Title Insurance were delivered to Realty Mortgage Corporation, Realty Mortgage Corporation became the Successor Insured under the provisions of the two policies." Mr. Myers is attempting to make a statement in the form of a legal conclusion which is based on a specialized knowledge of law. Such a statement is improper and inadmissible as lay testimony under F.R.E. 702(c). As such, the Court will disregard that statement.

Consequently, the Debtor has not presented any agreement or other type of document to show that the Debtor is a successor or assign of RMLLC. The Debtor has not set forth any legal authority to show that based on the fact that the Debtor was the only member and manager of RMLLC, controlled the operations of RMLLC, and funded RMLLC, the Debtor is a successor or assign of RMLLC. In fact, the Debtor has failed to produce any admissible evidence to support the assertion that it is a successor or assign of RMLLC. Accordingly, it has failed to demonstrate that a genuine issue of material fact exists for trial.[5]

## Conclusion

For the reasons set forth herein, First American is entitled to a judgment as a matter of law to be entered in its favor on all claims contained in the Amended Complaint. A separate order consistent with this opinion will be entered in accordance with F.R.B.P. 7054.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: March 25, 2011

---

[5] Because this Court has found that the Debtor failed to demonstrate that a genuine issue of material fact exists, it does not deed to determine whether the Debtor should be estopped from producing evidence that it qualifies as an insured under the Title Policies.